UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| HAROLD B. DAVIS | ) | |
| | ) | |
| v. | ) | NO. 3:13-0238 |
| | ) | JUDGE CAMPBELL |
| WILSON COUNTY, TENNESSEE | ) | |

ORDER

The Magistrate Judge's Order (Docket No. 77) filed June 2, 2014, recommends that the jury trial of this case be continued to a date on or after June 23, 2015.

Accordingly the jury trial scheduled for January 27, 2015, is RESCHEDULED for June 23, 2015, beginning at 9:00 a.m. The pretrial conference scheduled for January 19, 2015, is RESCHEDULED for June 15, 2015, at 1:00 p.m. All lawyers who will participate in the trial must attend the pretrial conference.

Pretrial Filing Deadlines

Counsel shall submit a Joint Proposed Pretrial Order to the Court by June 8, 2015. The Pretrial Order shall contain: (1) a recitation that the pleadings are amended to conform to the Pretrial Order and that the Pretrial Order supplants the pleadings; (2) a statement of the basis for jurisdiction in this Court; (3) a short summary of the Plaintiff's theory (no more than one page); (4) a short summary of the Defendant's theory (no more than one page); (5) a statement of the issues, including a designation of which issues are for the jury and which are for the Court; (6) a succinct statement of the relief sought; (7) a summary of any anticipated evidentiary disputes; and (8) an estimate of the anticipated length of the trial.

The parties shall also submit to the Court, by June 8, 2015, the following:

(1) joint proposed jury instructions and verdict forms as follows: Counsel shall exchange

proposed jury instructions on the substantive law of this specific case and proposed verdict forms and confer to reach agreement. Thereafter, counsel shall jointly prepare and file a set of agreed, proposed, case specific, jury instructions and verdict forms. Each proposed jury instruction shall include citations to supporting authorities. Counsel shall separately file any disputed jury instructions or verdict forms.

(2) witness lists, except for witnesses solely for impeachment in accordance with Fed. R. Civ. P. 26(a)(3);

(3) exhibit lists, except for documents solely for impeachment in accordance with Fed. R. Civ. P. 26(a)(3); and

(4) any stipulations.

## Motions in Limine and Objections to Experts

By June 1, 2015, the parties shall file any motions in limine and any motions objecting to expert testimony. Any responses to such motions shall be filed by June 8, 2015.

## Discovery

Expert witness disclosures shall be made timely, in accordance with Local Rule 39.01(c)(6)d. Supplemental responses to interrogatories, requests for production and requests for admissions shall be made timely in accordance with Local Rules 33.01(c), 34.01 and 36.01. Objections to the use of a deposition at trial shall be made timely in accordance with Local Rules 32.01(b) and 39.01(d)(1).The Court may exclude evidence, or order other sanctions, for violation of a duty or deadline to make or supplement expert witness disclosures or discovery responses.

Pretrial Conference

Counsel shall be prepared, at the Pretrial Conference, to:

(1) identify and discuss undisputed facts and issues;

(2) discuss the status of discovery;

(3) preview proposed testimony;

(4) discuss expert testimony;

(5) preview proposed exhibits;

(6) discuss motions in limine;

(7) discuss proposed jury instructions and verdict forms;

(8) discuss settlement; and

(9) discuss pretrial briefs.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE